ELIZABETH HRADECKY, PLAINTIFF-RESPONDENT, v. JOHN GAVA, DEFENDANT-APPELLANT.

Submitted October 16, 1931—Decided February 19, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff-respondent, *Anna B. Hogan.*

For the defendant-appellant, *Autenreith, Gannon & Wortendyke.*

PER CURIAM.

Plaintiff is a factory worker, who, on May 17th, 1927, as she was coming, for her noon lunch, out of the building where she was employed, found the sidewalk removed and, endeavoring to cross the space, fell and was injured. Defendant is a contractor who, under employment by some public agency, was engaged in the removal of the old, and the building of a new, sidewalk along the street on which the building was located. Plaintiff sued, charging the defendant with negligence in the work, and recovered a judgment for $800. Defendant appeals and argues two points, first, that the plaintiff by her own negligence proximately contributed to the injuries of which she complains and is, therefore, not entitled to recover in the action, and, second, that plaintiff, knowing the danger involved in attempting to cross the excavation, took upon herself the risk of injury and, therefore, is not entitled to recover for the consequences.

The testimony upon which defendant relies in making these points is exclusively that of the plaintiff herself. Her testimony in effect is that on the morning of May 17th as she entered the building for her daily work the sidewalk was in its usual condition and the old flagging was still there, that at noon when she came out the sidewalk was torn up, but that, as there was a narrow ledge between the front of the building and the sidewalk line, she went up and down that ledge seeking a place to cross. Finding no other crossing, she stepped upon the ground where the sidewalk had been and, having put one foot down, her other foot went into a hole of soft earth extending above her ankle, thus throwing her and causing the injury. We do not read in the plaintiff's testimony proof of that knowledge of existing conditions and incidental danger which counsel for the defendant argues is there.

It appears in part from the testimony given by the defendant, John Gava, and in part from the testimony given by defendant's witness, Louis Gava, that not only had the sidewalk been torn up but that an excavation had been dug, that much rain had been falling and that the earth was

soft. John Gava testifies: "I excavate in the morning, then excavate nothing at all the day." Louis Gava testifies: "The day is rain, you know. I figure to myself, I say, 'people has got to go in and go out.' I say, 'put another one [viz., board to walk on] because to-day is bad.'" From this testimony it appears that not only had the flagging, or, as it is sometimes called, the "sidewalk," been torn up, but a fresh excavation had been made and the earth was freshly mired with rain. That situation does not appear in the plaintiff's testimony nor is knowledge thereof on her part anywhere shown. The weather, according to her knowledge, was and had been clear. So far as appears she did not know, until the damage had been done, that she was stepping into wet, soft earth. A reading of excerpts from her testimony may seem to indicate that she undertook to cross the sidewalk space knowing that she could not get across, and upon that is built the argument of contributory negligence and assumption of risk; but her testimony fairly read as a whole is she could not get across *without crossing the space where the sidewalk had been.* Her effort was to find some other means of exit, but that does not prove that she knew of pitfalls in the sidewalk area. It further appears by the plaintiff's testimony that the boards, which the Gavas said had been placed from the building entrance to the street to meet the exigency which they knew existed, were not in fact there. The plaintiff did know that she was stepping into an area where flagstones had been and were not, but that knowledge does not carry with it an imputation of the danger that is incident to stepping into freshly excavated earth bogged by recent rain. We think that the circumstances of the case do not bring it within the rule stated in *Vorrath* v. *Burke,* 63 *N. J. L.* 188. The questions of contributory negligence and assumption of risk were left to the jury, as we think they should have been, and under a charge of which the defendant does not complain.

We find no error under either of the points presented and conclude that the judgment below should be affirmed.